# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK NATIONAL ASSOCIATION ON BEHALF OF AS TRUSTEE GSAA HOME EQUITY TRUST 2005-11, ASSET-BACKED CERTIFICATES, SERIES 2005-11,<br><br>          Plaintiff,<br><br>    vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., *et al.*,<br><br>          Defendants. | Case No.: 2:21-cv-00339-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiff U.S. Bank, N.A., as Trustee, Successor in Interest to Wachovia Bank National Association on behalf of as trustee GSAA Home Equity Trust 2005-11, Asset-Backed Certificates, Series 2005-11 ("Plaintiff").  Defendant Chicago Title Insurance Company ("Chicago Title") filed a Response, (ECF No. 39),[1] and Plaintiff filed a Reply, (ECF No. 42).

Also pending before the Court is Plaintiff's Motion for Costs and Fees, (ECF No. 8). Defendant Chicago Title filed a Response, (ECF No. 39), to which Plaintiff filed a Reply, (ECF No. 42).

---

[1] Defendant Chicago Title also filed a Request for Judicial Notice, (ECF No. 40).

1    Also pending before the Court is Defendant Chicago Title's Motion to Dismiss, (ECF

2  No. 11).  Plaintiff filed a Response, (ECF No. 30), to which Defendant Chicago Title filed a

3  Reply, (ECF No. 44).

4    Also pending before the Court is Defendant Ticor Title of Nevada, Inc.'s ("Ticor

5  Title's") Motion to Dismiss, (ECF No. 12).  Plaintiff filed a Response, (ECF No. 29), to which

6  Defendant Ticor Title filed a Reply, (ECF No. 48).

7    Also pending before the Court is Defendant Fidelity National Title Group, Inc.'s

8  ("Fidelity's") Motion to Dismiss, (ECF No. 13).  Plaintiff filed a Response, (ECF No. 28), to

9  which Defendant Fidelity filed a Reply, (ECF No. 47).

10    Also pending before the Court is Plaintiff's Motion to Stay Briefing, (ECF No. 15).

11  Defendant Chicago Title filed a Response, (ECF No. 21), to which Plaintiff filed a Reply, (ECF

12  No. 24).

13    Also pending before the Court is Plaintiff's Counter Motion for Partial Summary

14  Judgment, (ECF No. 31).  Defendant Chicago Title filed a Response, (ECF No. 45), to which

15  Plaintiff filed a Reply, (ECF No. 50).

16    Also pending before the Court is Defendant Chicago Title's Motion to Stay Case, (ECF

17  No. 36).  Plaintiff filed a Response, (ECF No. 38), to which Defendant Chicago Title filed a

18  Reply, (ECF No. 41).

19    Also pending before the Court is Defendant Chicago Title's Motion for Leave to File

20  Excess Pages, (ECF No. 46).  No party filed a response.

21    For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand and

22  Plaintiff's Motion for Costs and Fees.  The Court further **DENIES as moot** the remaining

23  motions.

24

25

## I.    **BACKGROUND**

This case arises from the non-judicial foreclosure sale of the real property located at 17270 Posy Lake Court, Cold Springs, Nevada 89506 (the "Property"). (Deed of Trust ("DOT"), Ex. 9 to Pet. Removal, ECF No. 1-2).  On June 22, 2005, Daniel Ireton ("Borrower") financed his purchase of the Property by way of a $217,500.00 loan secured by a DOT identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* at 1–2).  The DOT was recorded on June 27, 2005. (*Id.*).  The DOT was subsequently assigned to Plaintiff on September 22, 2014, (*See* Corrective Assignment of DOT, Ex. 10 to Pet. Removal, ECF No. 1-2).

In May 2010, upon Borrower's failure to stay current on his loan obligations, Woodland Village Homeowners Association ("HOA") initiated foreclosure proceedings on the Property through its agent, Hampton & Hampton P.C. ("Hampton"). (Notice of Delinquent Assessment Lien, Ex. 13 to Pet. Removal, ECF No. 1-2).  On June 22, 2010, HOA via Hampton recorded a Notice of Default and Election to Sell. (Notice of Default and Election to Sell dated June 22, 2010, Ex. 14 to Pet. Removal, ECF No. 1-2).  HOA via Hampton recorded a Notice of Default on August 26, 2013. (Notice of Default and Election to Sell dated August 26, 2013, Ex. 15 to Pet. Removal, ECF No. 1-2).  Later, HOA via Hampton recorded a Notice of Sale on January 24, 2014. (Notice of Trustee's Sale, Ex. 16 to Pet. Removal, ECF No. 1-2).  On March 5, 2014, HOA, through Hampton, proceeded with the foreclosure sale, selling the Property at a public auction to Thunder Properties, Inc. ("Thunder") for $10,000.00 (Trustee's Deed Upon Sale, Ex. 17 to Pet. Removal, ECF No. 1-2).

On February 16, 2017, Plaintiff filed a complaint against HOA in Case No. 3:17-cv-00106-MMD-WGC, alleging the following claims: (1) quiet title/declaratory relief pursuant to NRS 30.010 et seq. and NRS 40.010; (2) declaratory relief under Amendments V and XIV; (3) quiet title under Amendments V and XIV; (4) preliminary and permanent injunctions requiring

Thunder to segregate and deposit all rent to the Court or a Court-approved trust account; and (5) unjust enrichment. (Compl. ¶¶ 73–123, *U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank National Association, as Trustee for GSAA Home Equity Trust 2005-11 v. Thunder Properties, Inc. et al*, 3:17-cv-00106-MMD-WGC (D. Nev. 2017), ECF No. 1). The case ultimately settled. (*See* Compl. ¶ 95, Ex. 1 to Pet. Removal, ECF No. 1).

On January 3, 2018, Plaintiff submitted a claim under the Title Insurance Policy (the "Policy") to Defendant Ticor Title. (*See* Notice of Title Insurance Claim, Ex. 19 to Pet. Removal, ECF No. 1-2). In the claim, Plaintiff alleges that the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. 75 (2014), prejudices its secured interest in the Property. (*Id.* at 2). Based on this opinion, Plaintiff requests, in the letter, that Ticor Title cure the title issues and indemnify Plaintiff pursuant to the Policy. (*Id.*). On February 22, 2018, Defendant Chicago Title denied coverage, asserting that it was not notified of the foreclosure sale "until January 10, 2018, which was more than four years after learning of the Association Lien and more than three years after the Association Lien foreclosed." (*See* First Letter of Denial, Ex. 20 to Pet. Removal, ECF No. 1-2). Plaintiff, on May 11, 2018, requested that Defendant Chicago Title reconsider its refusal to indemnify. (*See* Request for Reconsideration of Title Claim, Ex. 21 to Pet. Removal, ECF No. 1-2). Defendant Chicago Title maintained its prior position and again denied coverage. (*See* Second Letter of Denial, Ex. 22 to Pet. Removal, ECF No. 1-2).

On February 26, 2021, Plaintiff filed the instant suit in the Second Judicial District Court in Washoe County, Nevada, asserting the following claims: (1) declaratory judgment that the Policy provided full coverage; (2) breach of contract; (3) bad faith and breach of the covenant of good faith and fair dealing; (4) deceptive trade practices in violation of NRS § 41.600 and NRS § 598.0915; and (5) violation of NRS 686A.310. (*See* Compl. ¶¶ 121–195). Two days

later, Defendants Fidelity, Chicago Title, and Ticor Title (collectively, "Defendants") removed the case based on diversity jurisdiction before any defendants were served.[2] (*See* Pet. Removal ¶ 2, ECF No. 1).  Plaintiff subsequently filed the instant Motion for Remand and Motion for Costs and Fees pursuant to 28 U.S.C. § 1447(c). (*See generally* Mot. Remand, ECF No. 7); (*see also* Mot. Att'y Fees, ECF No. 8).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.   DISCUSSION

In its Motion to Remand, Plaintiff argues that: (1) Defendants improperly removed the case in violation of the forum defendant rule; and (2) Defendant Chicago Nevada was fraudulently joined. (Mot. Remand 6:1–15:13, ECF No. 7).  Because removal was improper,

---

[2] Defendant Chicago Title is a citizen of Florida and Illinois, and Defendant Fidelity is a citizen of Florida. (*Id.* ¶¶ 3–4).  Defendant Ticor Title, however, is a citizen of Nevada. (Compl. ¶¶ 2–4).

Plaintiff accordingly requests payment of attorneys' fees and costs under 28 U.S.C. § 1447(c). (*See* Mot. Att'y Fees, ECF No. 8).  The Court first addresses Plaintiff's Motion to Remand.

### A. Motion to Remand, (ECF No. 7)

Plaintiff contends that Defendants improperly removed the case because they removed before Plaintiff properly served any of the Defendants under 28 U.S.C. § 1441. (Mot. Remand 6:1–12:8).  Defendants, in rebuttal, assert that the plain language of the statute allows Defendants to remove the case before any defendant is properly joined and served. (Resp. to Mot. Remand 9:12–12:2, ECF No. 39).  Because no defendants were served prior to removal, Defendants argue that removal was proper. (*Id.*).  Defendants further urge the Court to follow existing circuit precedent allowing snap removal. (*Id.* 4:14–9:11).

28 U.S.C. § 1441(b) prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b).  To avoid the so-called forum defendant rule under § 1441(b), parties in recent years have removed cases before a forum defendant has been "properly joined as served."  This tactic, also known as snap removal, has not been explicitly endorsed by the Ninth Circuit, although multiple other circuits have. *See, e.g.*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *McCall v. Scott*, 239 F.3d 808, 813, n.2 (6th Cir. 2001); *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).  Because the Court is without guidance from the Ninth Circuit, the Court starts its analysis by reviewing the language of the operative statute—28 U.S.C. § 1441.

When interpreting a federal statute, the Ninth Circuit "begin[s], as always, with the language of the statute." *Navajo Nation v. Dep't of Health & Human Servs.*, 325 F.3d 1133, 1136 (9th Cir. 2003) (en banc) (quoting *Duncan v. Walker*, 533 U.S. 167, 172, 150 L. Ed. 2d

251, 121 S. Ct. 2120 (2001)).  "Where [a statute's] language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 878 (9th Cir. 2001) (en banc) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917)).  However, if the language of a statute is ambiguous, the Court may then "use canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009) (quoting *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006)).  "In ascertaining the plain meaning of [a] statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S. Ct. 1811, 100 L. Ed. 2d 313 (1988); *see also United States v. Lewis*, 67 F.3d 225, 228-29 (9th Cir. 1995) ("Particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme.").

Here, the language and meaning of 28 U.S.C. § 1441 is both plain and unambiguous. Section 1441(a) permits removal "by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  An exception to removal, however, applies "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2).  Like the Second, Third, and Fifth Circuits held, the statute's "plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co.*, 902 F.3d at 152; *see also Gibbons*, 919 F.3d at 705; *see also Texas Brine Co.*, 955 F.3d at 482.  Reading Section 1441 as a whole, removal is generally allowed; however, prohibited when a forum defendant, who has been properly joined and served, seeks to remove the case. *See Carpenters Health & Welfare Tr. Funds v. Robertson (In re Rufener Constr.)*, 53 F.3d 1064, 1067 (9th Cir. 1995) (The Ninth

Circuit "derive[s] meaning from context, and this requires reading the relevant statutory provisions as a whole."). In the present case, Defendants removed before any defendant was served. (*See* Pet. Removal ¶ 2). Under a plain reading of the statute, the exception under Section 1441(b)(2) does not apply in the present case. Defendants, therefore, properly removed to federal court.

Plaintiff argues that the word "any" in Section 1441(b) means that "the statute assumes [that] at least one party has been served." (Mot. Remand 8:17–18). Though multiple courts in this District agree with Plaintiff,[3] the Court finds Plaintiff's reasoning unpersuasive. Heavily relying on *Gentile v. Biogen Idec, Inc,* other courts in this District have read the statute to assume that at least one party has been served because "any" means "one or more indiscriminately from all those of a kind." *Id.* Specifically, the Massachusetts District Court in *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 318 (D. Mass. 2013), reasoned:

> The amendments to section 1441(b) do not change the statute's plain meaning in this respect. In its current form, section 1441(b)(2) precludes removal "if any of the parties in interest properly joined and served as defendants" is a forum defendant. True, the statute as amended places this language in an exception to removal, rather than a requirement for removal. But that does not change the fact that the statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of "any" superfluous. This would be contrary to the cardinal rule of statutory construction that "[a]ll words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous."

*Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d at 318–19 (citations omitted).

---

[3] These cases include the following: *Carrington Mortg. Servs. v. Ticor Title of Nev.*, No. 2:20-cv-699 JCM (NJK), 2020 U.S. Dist. LEXIS 122792, at *6 (D. Nev. July 10, 2020); *Sparks v. Mamer*, No. 2:20-cv-0661-KJD-VCF, 2020 U.S. Dist. LEXIS 217776, at *5 (D. Nev. Nov. 20, 2020); *United States Bank Nat'l Ass'n v. Fid. Nat'l Title Group*, No. 2:20-cv-01367-APG-DJA, 2020 U.S. Dist. LEXIS 234345 (D. Nev. Dec. 14, 2020); *Hsbc Bank United States v. Fid. Nat'l Title Group*, No. 2:20-cv-01515-JAD-BNW, 2020 U.S. Dist. LEXIS 240620 (D. Nev. Dec. 22, 2020); and *Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp.*, No. 3:20-cv-00535-MMD-CLB, 2021 U.S. Dist. LEXIS 65289 (D. Nev. Apr. 2, 2021).

The Court in *Gentile* reads an additional assumption into the entire removal statute under Section 1441 such that the *Gentile* Court rewrites the removal statute to require that at least one defendant be properly served. *See Xi v. INS*, 298 F.3d 832, 839 (9th Cir. 2002) ("[A] decision to rearrange or rewrite [a] statute falls within the legislative, not the judicial, prerogative."). The 2011 amendment materially altered section 1441(b) from a requirement for removal to an exception to removal. The pre-2011 statute allowed removal "only if none of the parties in interest properly joined and served as defendants [was] a citizen of the State in which such action is brought." *See Gentile*, 934 F. Supp. 2d at 318. The current statute, however, prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b). In its current iteration, a defendant may remove a case unless a forum defendant has been properly joined and served. Even assuming that the *Gentile* Court's interpretation of "any" is correct, such interpretation applies to the exception. If no defendant has been properly joined and served, the exception is not triggered, and removal is thus proper under Section 1441. Reading such assumption into the entire removal statute, absent legislative history and intent as discussed *infra*, rewrites the entire removal statute to require that at least one forum defendant be properly joined and served prior to removal.

Given the plain language of the statute, the Court need not consider the legislative history of 28 U.S.C. § 1441. *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (quoting *Perlman v. Catapult Entm't, Inc.* (*In re Catapult Entm't, Inc.*), 165 F.3d 747, 753 (9th Cir. 1999)) ("We resort to legislative history, even where the plain language is unambiguous, 'where the legislative history clearly indicates that Congress meant something other than what it said.'"). The Supreme Court cautions that "[g]oing behind the plain language of a statute in search of a possibly contrary congressional intent is a 'step to be taken cautiously' even under the best circumstances." *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 75,

102 S. Ct. 1534, 1540 (1982) (citing *Piper v. Chris-Craft Industries, Inc*., 430 U.S. 1, 26 (1977)).  The Court already concluded that the plain language of the statute allows snap removal.  Nevertheless, even if the Court were to consider legislative intent, there is no legislative history to interpret.  Congress added the language, "properly joined and served" in 1948. *See* 28 U.S.C. § 1441(b)(2) (1948).  However, "the legislative history of 1948 revision provides no explanation for the inclusion of the 'properly joined and served' language." *Gentile*, 934 F. Supp.2d at 319; *see also Wells Fargo Bank v. Fid. Nat'l Title Grp.*, No. 2:20-cv-01849-APG-NJK, 2020 U.S. Dist. LEXIS 235986, at *9 (D. Nev. Dec. 15, 2020).  "Without additional evidence regarding Congress' intent in drafting section 1441(b)(2), the Court 'cannot conclude that strict adherence to the language of [section] 1441(b) would be plainly at variance with the policy behind the statute.'" *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 U.S. Dist. LEXIS 94613, at *20 (N.D. Cal. June 5, 2019) (citing *City of Ann Arbor Emples. Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 U.S. Dist. LEXIS 21928, at *26 (N.D. Cal. Mar. 9, 2007)).

Lastly, Plaintiff argues that the Ninth Circuit's decision in *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74 (9th Cir. 1979), suggests that Chicago Title was prohibited from removing in the presence of a forum defendant, regardless of whether the forum defendant was served. (Mot. Remand 7:3–8:6).  The Court disagrees.  In *Preaseau*, the Ninth Circuit analyzed whether "§1441(b) implies that service is the key factor *in determining diversity*." *Preaseau v. Prudential Ins. Co.,* 591 F.2d 74, 78 (9th Cir. 1979).  Citing to another Ninth Circuit case, *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969), the Ninth Circuit reaffirmed that diversity of citizenship is determined solely based on citizenship of the parties named in the complaint "regardless of service or nonservice upon the codefendant." *See Clarence E. Morris*, 412 F.2d at 1176.  Unlike the Ninth Circuit decisions in *Clarence E. Morris* and

*Preaseau*, the instant case concerns whether removal is proper in light of the service, or lack of service, of the defendants.  The reasoning in *Preaseau* is thus inapplicable to the present case.

For the foregoing reasons, the Court finds that Defendants properly removed the instant case.  A plain reading of the statute prohibits removal if a forum defendant has been properly joined and served.  Because no defendant has been properly joined and served, removal is thus proper.  While the Court appreciates that technological advancements have furthered new forms of potential "gamesmanship" in the form of snap removal, Congress is better suited to amend the statute. *See Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 U.S. Dist. LEXIS 19277, at *5 (N.D. Cal. Feb. 9, 2010).  The Court accordingly denies Plaintiff's Motion to Remand.[4]

**B.  Motion for Fees and Costs, (ECF No. 8)**

Plaintiff additionally requests fees and costs pursuant to 28 U.S.C. § 1447(c). (*See generally* Mot. Att'y Fees).  Given that the Court finds that removal was proper, Plaintiff's Motion for Fees and Costs is denied.

///

---

[4] Because the Court finds that removal is proper, the Court need not consider Defendants' additional argument on fraudulent joinder.

1    IV.    **CONCLUSION**

2         **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is

3    **DENIED**.

4         **IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs and Fees, (ECF No. 8),

5    is **DENIED**.

6         **IT IS FURTHER ORDERED** that Defendants' Motion to Stay Case, (ECF No. 15), is

7    **DENIED as moot**.[5]

8         **IT IS FURTHER ORDERED** that all other motions currently pending before the Court

9    are **DENIED, without prejudice, as moot**, with leave to refile and amend thirty (30) days after

10   the stay is lifted.[6]

11        DATED this __29__ day of November, 2021.

12

13   _____

14   Gloria M. Navarro, District Judge
     UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21   _____

22   [5] The Court stayed the case on September 29, 2021, pursuant to the parties' Stipulation to Stay the Case pending

23   the Wells Fargo II Appeal. (*See* Order Granting Stipulation, ECF No. 52).

     [6] Given that the case is stayed, the Court denies, without prejudice, as moot all remaining pending motions,
24   including Defendant Chicago Title's Motion to Dismiss, (ECF No. 11); Defendant Ticor Title's Motion to
     Dismiss, (ECF No. 12); Defendant Fidelity's Motion to Dismiss, (ECF No. 13); Plaintiff's Counter Motion for
25   Partial Summary Judgment, (ECF No. 31); and Defendant Chicago Title's Motion for Leave to File Excess
     Pages, (ECF No. 46).